On Application for Rehearing.
 

 PER CURIAM.
 

 In the plaintiff’s application for a rehearing it is urged that certain language in the opinion indicated or recognized that there could be two estates in property in Louisiana, one of land and one of minerals. The language objectionable to the applicant for rehearing is as follows:
 

 “It appears that the error in the judgment appealed from is in the omission to observe that the ownership of the mineral rights in the 30 acres of land owned and possessed by the plaintiff had been
 
 severed
 
 from the ownership of the land itself, and hence that the mineral servitude was subject to possession and was in fact possessed by the owner thereof adversely to the owner of the 30 acres of land. * * * ” (Italics ours.)
 

 By the use of the word “severed” we did not intend to say that two estates of corporeal property had been created. A reading of the opinion in its entirety shows that what we intended to say, and did say, is that the error in the judgment appealed from is in the omission to observe that the act creating the mineral servitude made possible two possessions of the property, i. e., the possession of the mineral servitude and the possession of the land itself, and hence that the mineral servitude was subject to possession and was in fact possessed by the owner thereof adversely to the owner of the 30 acres of land.
 

 Rehearing denied.